UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

ECF DOCUMENT
I hereby attest and certify this is a printed copy of a document which was electronically filed with the United States District Court for the Western District of Missouri.

Date Filed: 6/2/2023   Paige A. Wymore-Wynn, Clerk
By: _____   Deputy Clerk

IN RE: T-MOBILE 2022 CUSTOMER DATA
SECURITY BREACH LITIGATION                                          MDL No. 3073

## TRANSFER ORDER

**Before the Panel**:[*] Plaintiff in the Western District of Washington *Clark* action moves under 28 U.S.C. § 1407 to centralize this litigation in the Western District of Washington or, alternatively, the Western District of Missouri. This litigation consists of eleven actions pending in eight districts, as listed on Schedule A. Since the filing of the motion, the Panel has been notified of five related actions.[1]

All responding plaintiffs support centralization, but there is some disagreement on the transferee district. Plaintiffs in five actions support centralization in the Western District of Washington. Plaintiff in one action supports centralization in the Western District of Missouri or, alternatively, the District of Kansas. Plaintiff in one action requests centralization in the District of Kansas or, alternatively, the Western District of Missouri, and represents that plaintiffs in four other actions also support centralization in the District of Kansas. Plaintiffs in two actions request centralization in the Southern District of California or another California district. Defendants T-Mobile US, Inc., and T-Mobile USA, Inc. (T-Mobile), oppose centralization or, alternatively, support the Western District of Missouri or the District of Kansas as the transferee district.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization in the Western District of Missouri will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These putative class actions[2] share complex factual questions arising from T-Mobile's announcement on January 19, 2023, that a data security breach of its network occurred

---

[*]   One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1]   These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2]   The Northern District of California *Hart* action is an individual action brought by a plaintiff proceeding *pro se*, rather than a putative class action. He alleges his personally identifiable information was compromised in T-Mobile data security breaches from 2021 through 2022. The *Hart* plaintiff supports, and no party opposes, inclusion of his action in this MDL.

- 2 -

in late 2022 in which an unauthorized actor accessed and acquired files on its network, including personally identifiable information of 37 million current and former customers. Common factual questions will include: T-Mobile's data security practices and whether those practices met industry standards, how the unauthorized actor obtained access to T-Mobile's system, the extent of the personal information affected by the breach, and when T-Mobile knew or should have known of the breach. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

T-Mobile principally objects to centralization on grounds that anticipated motions to compel arbitration in each action may make centralization unnecessary. But the outcome of these anticipated motions in eleven different courts is not certain, and indeed, an assessment of the litigation's merits is beyond the Panel's authority. *See In re Maxim Integrated Prods., Inc., Patent Litig.*, 867 F. Supp. 2d 1333, 1335 (J.P.M.L. 2012) ("'[t]he framers of Section 1407 did not contemplate that the Panel would decide the merits of the actions before it and neither the statute nor the implementing Rules of the Panel are drafted to allow for such determinations'") (*quoting In re Kauffman Mut. Fund Actions*, 337 F. Supp. 1337, 1339-40 (J.P.M.L.1972)). T-Mobile argues that (1) these motions are not complex, (2) rulings on the motions will rest on unique plaintiff-specific considerations and are therefore not appropriate for centralized treatment, and (3) the Panel can reconsider centralization should the motions be denied. T-Mobile suggests that, should the motions be denied, the surviving litigation will be factually and legally complex and does not deny that centralization at that time would be warranted. We find that centralization at this time best serves the just and efficient conduct of the litigation. Though the motions to compel arbitration may differ as to the way each customer agreed to arbitrate claims and whether they opted out, these inquiries and the accompanying discovery appear to involve some overlapping issues. Having a single judge oversee discovery regarding arbitration and decide the motions in a coordinated fashion, therefore, can provide efficiencies and allow any remaining actions to move forward together. *See In re Uber Techs., Inc., Data Sec. Breach Litig.*, 304 F. Supp. 3d 1351, 1354 (J.P.M.L. 2018) (declining defendants' request to delay ruling on centralization until their motions to compel arbitration were decided).

The Western District of Missouri is an appropriate transferee district for this litigation. The district is supported by defendants and some plaintiffs, including movant. The Honorable Brian C. Wimes is presiding over MDL No. 3019 – *In re T-Mobile Customer Data Security Breach Litigation*, which involves allegations regarding a separate data breach of T-Mobile's systems in 2021. Judge Wimes, therefore, is familiar with many of the relevant issues in this similar litigation. He has ably steered that litigation, which is nearing a resolution. Furthermore, this district provides a central and easily accessible location for this nationwide litigation.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Western District of Missouri are transferred to the Western District of Missouri and, with the consent of that court, assigned to the Honorable Brian C. Wimes for coordinated or consolidated pretrial proceedings.

- 3 -

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton         Matthew F. Kennelly
David C. Norton             Roger T. Benitez
Dale A. Kimball             Madeline Cox Arleo

IN RE: T-MOBILE 2022 CUSTOMER DATA
SECURITY BREACH LITIGATION                                              MDL No. 3073

## SCHEDULE A

    <u>Central District of California</u>

BAUGHMAN v. T-MOBILE US, INC., C.A. No. 2:23-00477
MUNOZ v. T-MOBILE US, INC., ET AL., C.A. No. 2:23-00766

    <u>Northern District of California</u>

HART v. T-MOBILE U.S. INC., C.A. No. 3:23-00436

    <u>Northern District of Florida</u>

CORTAZAL v. T-MOBILE US, INC., C.A. No. 3:23-01220

    <u>District of Kansas</u>

CORKINS, ET AL. v. T-MOBILE US, INC., C.A. No. 2:23-02031

    <u>Western District of Missouri</u>

LYNCH v. T-MOBILE US, INC., C.A. No. 4:23-00052

    <u>District of New Jersey</u>

GONZALEZ v. T-MOBILE US, INC., C.A. No. 2:23-00367

    <u>District of South Carolina</u>

FRIERSON v. T-MOBILE US, INC., ET AL., C.A. No. 4:23-00438

    <u>Western District of Washington</u>

CLARK v. T-MOBILE US, INC., ET AL., C.A. No. 2:23-00103
FERGUSON, ET AL. v. T-MOBILE USA, INC., C.A. No. 2:23-00142
DOLLSON, ET AL. v. T-MOBILE US, INC., ET AL., C.A. No. 2:23-00172